UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| MILLILETTI FORREST ) | No. 09 B 20874 |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION SUSTAINING
## LITTON'S OBJECTION TO CHAPTER 13 PLAN

### BACKGROUND

Milliletti Forrest filed a Chapter 13 bankruptcy petition on June 8, 2009. Her schedules indicate that Litton Loan Servicing has two mortgages on her residence, the second of which is asserted by debtor to be wholly unsecured because the property value is low. (Chapter 13 Voluntary Pet. [Docket No. 1], at 13–14.) Forrest filed a Modified Chapter 13 Plan on August 25, 2009, which in paragraph G.4 provides that, "[d]ue to the lack of equity in Debtor's primary residence located at 116 West 126th Place, Litton Loan Servicing's second lien is stripped from the property and will be paid as an unsecured creditor." (Modified Chapter 13 Plan, dated 08/25/09 [Docket No. 27] ¶ G.4 (the "Plan").) Litton had earlier filed a written objection to the Debtor's original Plan on a separate issue (Objection to Confirmation of Plan [Docket No. 23]), but at the confirmation hearing its counsel made an oral objection to the lien-stripping provision in the Modified Plan.

The question presented here is whether a debtor may strip off a junior mortgage alleged to be wholly unsecured through a Chapter 13 plan, rather than through an adversary proceeding. It is held that debtor may not strip off her junior mortgage through a Chapter 13 plan because the Bankruptcy Code, the Bankruptcy Rules, and the Constitution under Seventh Circuit authority require the filing of an adversary proceeding to do so, and because in this case her pleading quoted above is insufficient to be considered for default purposes.

In this District, as in many other jurisdictions, a form Chapter 13 Plan is provided for use by counsel, who may include debtor-specific terms and conditions in designated portions of the form. It is common that such plans provide extensive financial details. It is not common that they include provisions in the nature of declaratory judgments that purport to adjudicate legal issues between parties if the plan is confirmed. This is the first such lien-stripping attempt that has been brought to attention of the undersigned.

As a Seventh Circuit Panel observed in preventing a student loan from being discharged by a similar tactic through a Chapter 13 plan, "[a]pparently the hope is that an unsuspecting bankruptcy court will confirm the plan and that the lender will not recognize the . . . ploy in time to object to confirmation or to file an appeal." *In re Hanson*, 397 F.3d 482, 484 (2005). Indeed, counsel for Litton Loan Servicing did not recognize the unusual provision at issue before learning of it at the confirmation hearing.

## DISCUSSION

The so-called antimodification provision under Chapter 13 of the Bankruptcy Code provides that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2) (2006). Because of this provision, a debtor may not strip a partially secured home mortgage debt down to the value of the home as a secured debt. *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 327–31 (1993). It is not settled by higher courts whether a debtor may strip off a wholly unsecured junior mortgage, as debtor seeks to do here. *See In re Waters*, 276 B.R. 879 (Bankr. N.D. Ill. 2002) (Squires, J.) (strip-off permitted); *In re Barnes*, 207 B.R. 588 (Bankr. N.D. Ill. 1997) (Schmetterer, J.) (strip-off not permitted). But this case does not present that issue, and the prior opinion of the undersigned is not applied here and indeed might be reconsidered in the future. Rather, the question

now presented is whether a Chapter 13 plan provision or an adversary proceeding is the correct procedure in an attempt to strip off the lien of a junior mortgage alleged to be wholly unsecured.

I. **Forrest Must File an Adversary Proceeding to Strip Off Litton Loan Servicing's Junior Mortgage as Required by the Bankruptcy Rules**

Rule 7001 Fed. R. Bankr. P. requires an adversary proceeding to determine "validity, priority, or extent of a lien or other interest in property" [Rule 7001(2)], and that proceeding is also required to obtain a declaratory judgment relating to an applicable lien interest [Rule 7001(9)]. However, the requirement for the adversary proceeding may be waived. *See In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990).

Several courts have held that a debtor may strip off a wholly unsecured mortgage by way of a contested matter, either through a plan or by motion. *See, e.g., In re King*, 290 B.R. 641, 646–51 (Bankr. C.D. Ill. 2003). *King* reasoned that "'validity' means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims to or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien." *Id.* at 648. Thus, it concluded, although valuation of a creditor's claim may determine that the claim is wholly unsecured and that the creditor's lien is void under 11 U.S.C. § 506(d), valuation without more is not a determination of the "validity, priority, or extent of a lien that requires an adversary proceeding." *Id.* That opinion allowed a debtor to strip off the unsecured mortgage through the plan confirmation process. *Id.*

But that rationale cannot be followed. When a junior mortgage is declared to be void as wholly unsecured, it is not simply valued; it is obliterated. The result is the same as if the mortgage was declared void in an adversary proceeding, and the entire claim is thereby treated as an unsecured claim. Valuations may be appropriate for adequate protection, impairment, or similar purposes, but when the existence of the lien itself is at issue, then the "validity" and "extent" of the lien are

certainly at issue, so an adversary proceeding is necessary. *See* Fed. R. Bankr. P. 3012 note (Advisory Committee Note (1983)).

Allowing the debtor to avoid a lien through the Chapter 13 plan confirmation process would also be contrary to the clearly expressed intent in the Code to prevent modification of rights of lien holders through a Chapter 13 plan when those parties have mortgages secured by the debtor's principal residence. *See* 11 U.S.C. § 1322(b)(2); Fed. R. Bankr. P. 7001; *Nobelman*, 508 U.S. at 332 (Stevens, J., concurring). When such a legislative intent is clear in the statute, a debtor cannot use the Chapter 13 plan to obtain the desired relief. *See Hanson*, 397 F.3d 482, 486–87 (7th Cir. 2005) (voiding discharge of student loan because debtor did not bring adversary proceeding for undue hardship determination under 11 U.S.C. § 523(a)(8) and Fed. R. Bankr. P. 7001(6)). *Contra, In re Anderson*, 179 F.3d 1253, 1254 (10th Cir. 1999), *overruled by In re Mersmann*, 505 F.3d 1033, 1038 (10th Cir. 2007); *In re Pardee*, 193 F.3d 1083, 1086 (9th Cir. 1999). In *Hanson*, even though the Chapter 13 plan had been confirmed and the confirmation order was final, the portion granting discharge from a student loan was held not enforceable. 397 F.3d at 487. The opinion observed:

> Moreover, cases like *Anderson* and *Pardee* permit debtors to flaunt both substantive and procedural provisions of the Bankruptcy Code and Rules through a meaningless incantation . . . in their proposed plans.

*Id.* at 486.

In this case, Forrest seeks to strip off the junior mortgage on her residence through a provision in her Chapter 13 Plan. The Plan provides in a sparse provision that, "[d]ue to the lack of equity in Debtor's primary residence located at 116 West 126th Place, Litton Loan Servicing's second lien is stripped from the property and will be paid as an unsecured creditor." (Plan ¶ G.4.) Forrest is seeking to avoid entirely a Litton Loan Servicing mortgage on her primary residence. Litton Loan Servicing has not waived its right to have that issue decided in an adversary proceeding,

and its counsel in open court declined to waive its right to such proceeding and he objected to the Modified Plan with its lien-stripping provision.

Therefore, under the Bankruptcy Rules and Code, the debtor may not strip off Litton Loan Servicing's junior mortgage through the Plan. Instead, she must file an adversary proceeding.

II.     **Forrest Must Also File an Adversary Proceeding to Strip Off Litton Loan Servicing's Junior Mortgage Because Due Process Entitles Litton Loan Servicing to the Heightened Notice Provided by Adversary Proceedings**

"No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[D]ue process requires 'notice and the opportunity for hearing appropriate to the nature of the case' prior to deprivation of property rights." *Hanson*, 397 F.3d at 486–87 (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). "Due process does not always require formal, written notice of court proceedings." *In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990). But "'where the Bankruptcy Code and Bankruptcy Rules require a heightened degree of notice, due process entitles a party to receive such notice before an order binding the party will be afforded preclusive effect.'" *Hanson*, 397 F.3d at 486 (*quoting In re Banks*, 299 F.3d 296, 302 (4th Cir. 2002)) (student loan debt not discharged when Chapter 13 debtor did not file an adversary proceeding because creditor was entitled to heightened notice under 11 U.S.C. § 523(a)(8) and Fed. R. Bankr. P. 7001(6)). *Contra, Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1203–05 (9th Cir. 2008) (notice to a student loan creditor of the bankruptcy case itself satisfied due process because the creditor was on constructive or inquiry notice of the contents of the Chapter 13 plan).

*In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990), upon which debtor relies, is distinguished. In that case, the court found no due process violation because the debtor's treatment of a mortgagee in the Chapter 13 plan provided for full payment in exchange for release of the mortgage. *Id.* That treatment did not entitle the creditor to heightened notice, and the creditor had actual notice of the

bankruptcy case. *Id.* Moreover, *Hanson* is the most recent as well as more applicable Seventh Circuit authority.

Adversary proceedings do provide a "heightened" degree of notice to a defendant. Indeed, such notice is clear, specific, and pointed. In contrast, under the plan confirmation process, the debtor may mail notices and copies of the proposed plan twenty-five days before the confirmation hearing to all creditors at the addresses listed on the debtor's schedules. Fed. R. Bankr. P. 2002(b), (g)(2). Debtors usually list the mailing addresses of parties for billing purposes, not those of officers or registered agents. It is unlikely that a provision for lien stripping would be noticed or understood by whoever received the plan.

Adversary proceedings, however, require the plaintiff to file a complaint and entitle the defendant to personal service of summons and complaint, with summons served on an officer or registered agent of a corporate party. Fed. R. Bankr. P. 7003, 7004. In this Circuit, therefore, where the Bankruptcy Code and Bankruptcy Rules require the debtor to prosecute an adversary proceeding, the debtor cannot instead proceed by a provision in the Chapter 13 Plan and expect it to bind the creditor. *See Hanson*, 397 F.3d at 486.

As discussed earlier, the Bankruptcy Rules require Forrest to file an adversary proceeding to strip off Litton Loan Servicing's junior mortgage, and the Code prohibits modifying the home loan through a Plan. Therefore, Litton Loan Servicing is entitled to the heightened notice provided by adversary proceedings, and Forrest may not strip off the junior mortgage through her Chapter 13 Plan.

### III.  The Plan Provision May Not Be Considered as Defaulted Because the Plan Does Not Sufficiently Plead a Plausible Basis for Lien Stripping

The Ninth Circuit opinion on this subject reasoned in part that if a creditor does not respond by objecting to a Chapter 13 plan provision affecting its rights, the issue can be treated as one that

is defaulted. *See Espinosa*, 553 F.3d at 1203–05 (allowing discharge by declaration of a student loan through a Chapter 13 plan when creditor did not object prior to confirmation). However, even if notice of the Chapter 13 bankruptcy case itself were deemed sufficient to satisfy due process, a debtor must meet the requirements for a default judgment before a lien can be stripped under that theory. Entry of a default judgment is said to be left to the discretion of the trial judge, who may deny the default judgment if there are insufficient facts pleaded to support a cause of action. *In re Zecevic*, 344 B.R. 572, 576 (Bankr. N.D. Ill. 2006) (Schmetterer, J.) (*citing Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)); *Mercantile Bank v. Canovas*, 237 B.R. 423, 427 (Bankr. N.D. Ill. 1998) (Lefkow, J.) (*citing Peerless Indus., Inc. v. Herrin Ill. Cafe, Inc.*, 593 F.Supp 1339, 1341 (E.D. Mo. 1984)).

Under recent Supreme Court authority, a party must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Bell Atl. Corp.*, 550 U.S. at 556). Plausibility does not require probability, but does require "more than a sheer possibility" that the debtor has established a cause of action. *See id.* (*citing Bell Atl. Corp.*, 550 U.S. at 556).

In this case, Forrest seeks to strip off Litton Loan Servicing's junior mortgage on her residence through a sparsely worded, conclusory provision in her Plan. Even if Litton Loan Servicing had not objected to this treatment, Forrest has not alleged sufficient facts to support a default judgment. She alleges only that there is "lack of equity" in her primary residence; she has not alleged the value of the residence, the amount due on each of Litton Loan Servicing's mortgages or any other liens, or any other facts necessary to establish a plausible case that Litton Loan Servicing's junior

mortgage can and should lawfully be stripped off because it is wholly unsecured. Therefore, this pleading cannot be treated as a basis for a decision by default.

## CONCLUSION

Under the Bankruptcy Rules, the Bankruptcy Code, and the Constitution, Forrest may not strip off Litton Loan Servicing's wholly unsecured junior mortgage on her home through her Chapter 13 Plan. The Code forbids modification of the lien through a plan, the Bankruptcy Rules require an adversary proceeding for such relief, and Constitutional Due Process entitles Litton Loan Servicing to heightened notice through a complaint and service of summons in an adversary proceeding. Even if the notice provided by the plan confirmation process were found to be sufficient, the Plan provision involved here is not sufficient as a basis for a default ruling.

Therefore, by separate order, Litton's Objection will be sustained and Confirmation of the Plan dated August 25, 2009, will be denied.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 16th day of September, 2009.